**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10950
Conference Calendar

_____

ROY EDWARDS ADDICKS, JR.,

                                        Plaintiff-Appellant,

versus

T. MYERS; TINA S. VITOLI; RICHARD E. WATHEN;
M. MUNSCH; JOHN GUINN; VIKKI D. IVEY; S. O.
WOODS; JASON T. HEATON; THOMAS R. SMYTH; MARK
CANEDO; RUSING; ROBERT J. PARKER; HERMAN WESTON,
JR.; JIMMY S. WEBB; KENNETH L. BRIGHT; JIMMY O.
BOWMAN; JANIE COCKRELL; SUSAN SCHUMACHER; ROBERT
R. TREON; BILLY W. BENNETT; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE - INSTITUTIONAL DIVISION OFFICIALS,
Office Staff; RECEPTION AND DIAGNOSTIC CENTER
CLASSIFICATION COMMITTEE; GARZA WEST TRANSFER
FACILITY, UNIT CLASSIFICATION COMMITTEE; GOREE
UNIT CLASSIFICATION; STATE CLASSIFICATION COMMITTEE;
GARY JOHNSON; WAYNE SCOTT,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-203
---------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Roy Edwards Addicks, Jr., Texas prisoner #861070, has filed

a motion to proceed _in forma pauperis_ (IFP) on appeal from the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). By moving for IFP, Addicks is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Because Addicks presents no nonfrivolous issue for appeal, his motion for IFP is DENIED, and the appeal is DISMISSED. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2.

Both the district court's dismissal of Addicks' complaint and this court's dismissal of this appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Addicks that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.